| | |
|---|---|
| McGREGOR W. SCOTT<br>United States Attorney<br>KEVIN C. KHASIGIAN<br>Assistant U. S. Attorney<br>501 I Street, Suite 10-100<br>Sacramento, CA 95814<br>Telephone: (916) 554-2700<br><br>Attorneys for the United States | |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>REAL PROPERTY LOCATED AT 8804 SAILFISH BAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-1720-0192-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 9085 COBBLE FIELD DRIVE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 121-0700-093-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 13390 IVIE ROAD, GALT, CALIFORNIA, SACRAMENTO COUNTY, APN: 152-0270-005-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>REAL PROPERTY LOCATED AT 1950 ESTEREL WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 052-0270-001-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | 2:18-CV-00751-KJM-CKD<br><br><br><br>STIPULATION AND ORDER RE INTERLOCUTORY SALE OF<br>REAL PROPERTY LOCATED AT 1950 ESTEREL WAY AND 21 JEANROSS COURT |

1

| | |
|---|---|
| 1 | REAL PROPERTY LOCATED AT 21 JEANROSS COURT, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 052-0270-015-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| | REAL PROPERTY LOCATED AT 5935 64TH STREET, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 027-0296-006-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| | REAL PROPERTY LOCATED AT 6010 POWER INN ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 038-0071-011-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| | Defendants. |

The United States of America and claimant lienholder Conventus LLC (hereinafter "Claimant"), hereby agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1. The stipulation relates to **two properties** subject to forfeiture in this case ("Subject Properties"). As explained herein, at this time the parties do not seek to forfeit any net proceeds from the sale of the Subject Properties. Rather, this stipulation seeks to resolve the months-long default of the properties, to preserve any net equity, and avoid the property deterioration resulting from absentee ownership. Any net proceeds will be substituted for the Subject Properties and be resolved pursuant to further motion and proceedings in this Court, which may include a future motion for default judgment filed by the United States. The properties subject to this stipulation are:

    a. Real Property located at 1950 Esterel Way, Sacramento, California, Sacramento County, APN: 052-0270-001-0000 ("Esterel Property"); and

    b. Real Property located at 21 Jeanross Court, Sacramento, California, Sacramento County, APN: 052-0270-015-0000 ("Jeanross Property").

3. Jian Ping Ke is the recorded owner of the Esterel Property. Chao Long Chen is the

recorded owner of the Jeanross Property.

4. On April 3, 2018, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Complaint") alleging that the defendant properties are subject to forfeiture to the United States based on their involvement in violations of federal drug laws pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

5. Beginning on April 20, 2018, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on May 21, 2018.

6. On July 23, 2018, each of the two subject properties were posted with a copy of the Complaint and Notice of Complaint.

7. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s):

   a. Jian Ping Ke
   b. Chao Long Chen
   c. Conventus LLC

8. On May 29, 2018, Claimant Conventus LLC filed a claim alleging a lien holder interest in the Esterel Property and an answer on June 15, 2018. Conventus LLC has represented that its loan on the Esterel Property is in default since April 1, 2018.

9. On May 29, 2018, Claimant Conventus LLC filed a claim alleging a lien holder interest in the Jeanross Property and an answer on June 15, 2018. Conventus LLC has represented that its loan on the Jeanross Property is in default since March 1, 2018.

10. Jian Ping Ke and Chao Long Chen have been noticed with the Forfeiture Complaint and given an opportunity to file a claim. However, neither individual filed a claim and the statutory period to do so has expired. Accordingly, the Clerk of the Court entered a Clerk's Certificate of Entry of Default against Jian Ping Ke (*Esterel Property*) on August 17, 2018 and against Chao Long Chen (*Jeanross Property*) on September 4, 2018.

11. No other parties have filed claims or answers in this matter regarding the Esterel and Jeanross properties, and the time in which any person or entity may file a claim and answer has expired.

12. The parties agree that the U.S. Marshals Service (or a designee) shall be authorized to sell the Subject Properties in accordance with the terms and conditions of this Stipulation pursuant to

3

the paragraphs below.

13. The U.S. Marshals Service (or a designee) shall list the Subject Properties for sale. The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the Subject Properties.

   a. The U.S. Marshals Service shall have the Subject Properties appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the Subject Properties and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

   b. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the Subject Properties.

   c. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

   i. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

   ii. Any unpaid real property taxes which are due and owing.

   iii. A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

   iv. The seller shall pay any county transfer taxes.

   v. For Jeanross Property: To claimant Conventus LLC- a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County at Book number 201708210946 on August 21, 2017, in the principal amount of $267,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Conventus LLC, up to the date of the payoff of the loan, including, but not limited to reasonable attorney's fees, any insurance advances, tax advances, and property preservation costs on the defendant Jeanross Property.

   vi. For Esterel Property: To claimant Conventus LLC - a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County at Book number 20170317, page number 1069 on March 17, 2017, in the principal amount of $204,750.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Conventus LLC up to the date of the payoff of the loan, including, but not limited to reasonable attorney's fees, any insurance

4

advances, tax advances, and property preservation costs on the defendant Esterel Property.

    d.    Any liens or encumbrances against the Subject Properties that appear on record subsequent to the recording of plaintiff's lis pendens documents on April 9, 2018, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

    e.    The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

    f.    All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the Subject Properties.

    g.    Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

14.    The net proceeds from the sale of the Subject Properties will be deposited in the Department of Justice Seized Asset Fund and substituted as the property in this action pending a final judgment in this case.

15.    Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

16.    All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant Subject Properties. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

17.    All parties are to bear their own costs and attorneys' fees in connection with the sale of the Subject Properties and the preparation of this stipulation. Except as so indicated, this provision is not intended as a waiver of claimants' right to seek fees upon resolution of the forfeiture action.

18.    Pending the sale of the defendant Subject Properties, and the disposition of the proceeds,

5

the Court shall maintain jurisdiction to enforce the terms of this stipulation.

19. The interlocutory sale of the defendant Subject Properties, the substitution of the net sales proceeds in the civil case, and this stipulation shall not affect any rights or remedies the parties may have to litigate their claims to the property.

IT IS SO STIPULATED.

Dated: 11/28/2018    McGREGOR W. SCOTT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

GERACI LAW FIRM

Dated: 11/27/2018    /s/ Larissa A. Branes
LARISSA A. BRANES
Attorney for Conventus LLC

### ORDER FOR INTERLOCUTORY SALE

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation re interlocutory sale of the Subject Properties is granted.

2. The real property located at 1950 Esterel Way, Sacramento, California, Sacramento County, APN: 052-0270-001-0000, and more fully described in Exhibit A attached hereto, and 21 Jeanross Court, Sacramento, California, Sacramento County, APN: 052-0270-015-0000, and more fully described in Exhibit B attached hereto, will be sold pursuant to the terms set forth above.

3. The net proceeds from the sale of the Subject Properties will be substituted as the *res* herein and held by the U.S. Marshals Service, pending further order of the Court.

IT IS SO ORDERED.

DATED: December 3, 2018.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## 1950 Esterel Way, Sacramento, California

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 364, AS SHOWN ON THE "FINAL MAP OF MEADOWVIEW ESTATES UNIT NO. 5, SUBDIVISION NO. P00-116.5", IN THE CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, AS PER MAP RECORD, JUNE 4, 2004 IN BOOK 330 OF MAPS, PAGE 1, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM ONE-HALF OF ALL OIL, GAS AND OTHER HYDROCARBONS, MINERALS AND WATER NOW OR AT ANY TIME HEREAFTER SITUATED THEREIN AND THEREUNDER OR PRODUCIBLE THEREFROM TOGETHER WITH THE FREE AND UNLIMITED RIGHT TO MINE, DRILL, BORE, OPERATE, STORE AND REMOVE FROM BENEATH SAID LAND AT ANY LEVEL OR LEVELS FIVE HUNDRED FEET (500') OR MORE BELOW THE SURFACE OF SAID LAND FOR THE PURPOSES OF DEVELOPMENT OR REMOVAL OF SAID SUBSTANCES. GRANTOR WAIVES THE RIGHT OF THE USE AND OCCUPANCY OF THE SURFACE AND SUBSURFACE AREA OF THE ABOVE DESCRIBED REAL PROPERTY TO A DEPTH OF FIVE HUNDRED FEET (500') AND RESERVE ALL SUBSURFACE RIGHTS, EASEMENTS, RIGHTS OF WAY AND SERVITUDE IN AND UNDER SAID LAND NECESSARY OR CONVENIENT IN CONNECTION WITH THE FOREGOING MINERAL RESERVATION, AS RESERVED IN THE DEED FROM FREEPORT FARMS DEVELOPMENT COMPANY, A PARTNERSHIP, RECORDED FEBRUARY 2, 1978, IN BOOK 780202, PAGE 225, OFFICIAL RECORDS.

EXCEPTING THEREFROM ALL OIL, GAS MINERAL AND OTHER HYDROCARBON SUBSTANCES BELOW 500 FEET CONVEYED TO COMMONWEALTH HOLDING, INC., IN DEED RECORD.

APN: 052-0270-001-0000

7

Stipulation for Interlocutory
Sale of Real Property

# EXHIBIT B

## 21 Jeanross Court, Sacramento, California

Lot 388, as shown on the "Final Map of Meadowview Estates Unit 5, Subdivision No. P00-116.5" filed June 4, 2004, in the office of Sacramento County Recorder, California, in Book 330 of Maps, Map No. I, records of said County.

Excepting therefrom one-half of all oil, gas, and other hydrocarbons, minerals and water now or at any time hereafter situated therein and thereunder or producible therefrom together with the free and unlimited right to mine, drill, bore, operate, store and remove from beneath said land at any level or levels five hundred feet (500') or more below the surface of said land for the purposes of development or removal of said substances. Grantor waives the right of the use and occupancy of the surface and subsurface area of the above described real property to a depth of five hundred feet (500') and reserves all subsurface rights, easements, rights of way and servitude in and under said land necessary or convenient in connection with the foregoing mineral reservation, as reserved in the Deed from Freeport Farms Development Company, a partnership, recorded February 2, 1978, in Book 780202, Page 225, Official Records.

Also excepting therefrom all oil, gas, mineral and other hydrocarbon substances below 500 feet conveyed to Commonwealth Holding, Inc., in Deed recorded in Book 900316, Page 895.

APN: 052-0270-015-0000