MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:18-CV-00751-KJM-CKD |
| Plaintiff, | |
| v. | STIPULATION AND ORDER RE INTERLOCUTORY SALE OF REAL PROPERTY LOCATED AT 6010 POWER INN ROAD |
| REAL PROPERTY LOCATED AT 8804 SAILFISH BAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-1720-0192-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 9085 COBBLE FIELD DRIVE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 121-0700-093-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 13390 IVIE ROAD, GALT, CALIFORNIA, SACRAMENTO COUNTY, APN: 152-0270-005-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 1950 ESTEREL WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 052-0270-001-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |

| | |
|---|---|
| 1 | REAL PROPERTY LOCATED AT 21 JEANROSS COURT, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 052-0270-015-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 2 | |
| 3 | |
| 4 | |
| 5 | REAL PROPERTY LOCATED AT 5935 64TH STREET, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 027-0296-006-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 6 | |
| 7 | |
| 8 | REAL PROPERTY LOCATED AT 6010 POWER INN ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 038-0071-011-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 9 | |
| 10 | |
| 11 | |
| 12 | Defendants. |

The United States of America and lien holders Loan Simple, Inc., and Prober & Raphael agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1. The defendant property subject to this stipulation is Real Property located at 6010 Power Inn Road, Sacramento, California, Sacramento County, APN: 038-0071-011-0000, including all appurtenances and improvements thereto ("defendant property"), and more fully described as:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

ALL THAT PORTION OF LOT 1, AS SHOWN ON THE "PLAT OF SOUTH SACRAMENTO GARDENS", RECORDED IN BOOK 14 OF MAPS, MAP NO. 40, RECORDS OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE EAST LINE OF SAID LOT 1, AND ON THE CENTER LINE OF POWER INN ROAD, 60.00 FEET IN WIDTH FROM WHICH THE NORTHEAST CORNER OF SAID LOT 1 BEARS NORTH 09 DEGREE 05' WEST 50.00 FEET; THENCE FROM SAID POINT OF BEGINNING SOUTH 00 DEGREE 04' EAST 40.00 FEET ALONG THE EAST LINE OF SAID LOT 1 AND ALONG THE CENTERLINE OF SAID PUBLIC ROAD; THENCE SOUTH 89 DEGREE 40' WEST 160.00 FEET; THENCE NORTH 00

DEGREE 04' WEST 40.00 FEET; THENCE NORTH 89 DEGREE 40' EAST 160.00 FEET TO THE POINT OF BEGINNING.

2. On April 3, 2018, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant property, including any right, title and interest in the whole of any lot or tract of land and any appurtenances or improvements thereon, is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(7) because it constitutes other things of value furnished in exchange for a controlled substance or listed chemical, or proceeds traceable to such an exchange, and/or was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 et seq.

3. The recorded owner of the defendant real property is Vo Huu Duc Nguyen.

4. Beginning on April 20, 2018, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on May 21, 2018. (ECF No. 14)

5. The defendant property was posted with a copy of the Verified Complaint for Forfeiture In Rem and Notice of the Complaint on July 23, 2018, by the U.S. Marshals Service. See Process Receipt and Return filed July 25, 2018. (ECF No. 33).

6. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual(s):

   a. Vo Huu Duc Nguyen
   b. Loan Simple, Inc.

7. On January 29, 2020, lien holders Loan Simple, Inc. and Prober & Raphael filed a claim (ECF No. 55). The Note is presently in default as a result of Vo Huu Duc Nguyen's failure to make the regular monthly payment due on May 1, 2018 and has continuously been in default since May 11, 2018.

8. Vo Huu Duc Nguyen has not filed a claim or answer. The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Xiulan Yang on July 26, 2018. (ECF No. 36)

9. No other parties have filed claims or answers in this matter as to the defendant property, and the time in which any person or entity may file a claim and answer has expired. .

10. The parties agree that the U.S. Marshals Service (or a designee) shall be authorized to sell

the defendant property in accordance with the terms and conditions of this Stipulation pursuant to the paragraphs below.

11. The U.S. Marshals Service (or a designee) shall list and sell the defendant property, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price. Through the sale of the defendant property, the United States shall receive the net proceeds, less payments for costs of selling the property, cleanup, other expenses incurred, and any legitimate liens that exist on the defendant property.

    a. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing. The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

    b. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant property.

    c. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        i. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        ii. Any unpaid real property taxes which are due and owing.

        iii. A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

        iv. The seller shall pay any county transfer taxes.

        v. To claimant Loan Simple, Inc.- a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County Document Number 201801301246 on January 30, 2018, in the principal amount of $213,750.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Loan Simple, Inc., up to the date of the payoff of the loan, including, but not limited to reasonable attorney's fees, any insurance advances, and tax advances on the defendant property. As of January 15, 2020, the total amount due and owing under the note is $241,014.89.

        vi. To the United States of America: the net proceeds from the sale of the defendant property after payment has been made to lien holder Loan Simple, Inc. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States

pursuant to 18 U.S.C. §§ 881(a)(6) and 881(a)(7), to be disposed of according to law.

   d. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's lis pendens documents on April 9, 2018, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

   e. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

   f. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

   g. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

12. The net proceeds from the sale of the defendant property will be deposited in the Department of Justice Seized Asset Fund and substituted as the property in this action pending a final judgment in this case.

13. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

14. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

15. All parties are to bear their own costs and attorneys' fees in connection with the sale of the defendant property and the preparation of this stipulation.

16. Pending the sale of the defendant property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this stipulation.

17. The interlocutory sale of the defendant property, the substitution of the net sales proceeds in the civil case, and this stipulation shall not affect any rights or remedies the parties may have to litigate their claims to the property.

IT IS SO STIPULATED

Dated: 2/3/2020

MCGREGOR W. SCOTT
United States Attorney

By: /s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 1/31/2020

/s/ Lee Raphael
LEE RAPHAEL
Attorney for Lienholders Loan Simple, Inc. and Prober & Raphael

## ORDER FOR INTERLOCUTORY SALE

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation re interlocutory sale of the real property is granted.

2. The real property 6010 Power Inn Road, Sacramento, California, Sacramento County, APN: 038-0071-011-0000, more fully described above, will be sold pursuant to the terms set forth above.

3. The net proceeds from the sale of the real property will be substituted as the *res* herein and held by the U.S. Marshal Service, pending further order of the Court.

IT IS SO ORDERED.

DATED: February 5, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE